CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 14 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH SARTAIN, | ) |
| Plaintiff, | ) Civil Action No. 7:06CV00537 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| C/O ROBINSON, | ) By: Hon. Glen E. Conrad |
| Defendant. | ) United States District Judge |

The plaintiff, Joseph Sartain, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 on September 7, 2006. Having reviewed the plaintiff's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is presently incarcerated at Wallens Ridge State Prison. The following factual allegations are taken from his original complaint and his amended complaint.[2] On August 17, 2006, Correctional Officer Robinson and Correctional Officer Davis placed the plaintiff in handcuffs and shackles, and escorted him to a disciplinary hearing. The plaintiff alleges that near the end of the hearing, while he was still pleading his case, the hearing officer directed Robinson and Davis to remove him from the room. Robinson subsequently slammed the plaintiff on the floor, placed his knee on the plaintiff's back, and pressed the plaintiff's face against the floor "as

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

[2] To the extent the plaintiff's amended complaint may be construed as a motion to amend, the court will grant the plaintiff's motion.

hard as he could." Three to four hours later, after the plaintiff had been returned to his cell, Robinson called the plaintiff "white trash" and threatened to file charges if the plaintiff reported the incident.

## Discussion

In order to state a claim under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that he has failed to allege facts sufficient to establish that Correctional Officer Robinson violated his constitutional rights.

To the extent the plaintiff's allegations can be construed to assert an excessive force claim under the Eighth Amendment, the plaintiff's allegations are without merit. To establish an excessive force claim, an inmate must satisfy two elements: (1) that the correctional officer acted with a sufficiently culpable state of mind, and (2) that the harm inflicted on the inmate was sufficiently serious. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). With respect to the second element, an inmate "need not show that the force used caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of action." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). However, absent the most extraordinary circumstances, an inmate must allege more than de minimis pain or injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). In this case, the plaintiff does not allege that he suffered any injuries as a result Robinson's actions. Although an inmate who suffers de minimis injuries may still recover if

2

"extraordinary circumstances"[3] are present, Norman 25 F.3d at 1263, the court concludes that such circumstances do not exist in this case.

The plaintiff also alleges that Robinson threatened him and referred to him as "white trash." Although the court does not condone such misconduct, mere threats or harassment by prison employees, without more, does not state a constitutional claim. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that an officer's use of an obscene name was not actionable under § 1983); Keyes v. City of Albany, 594 F. Supp. 1147, 1155 (N. D. N.Y. 1984) (holding that "the use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim.").

## Conclusion

For the reasons stated, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss the plaintiff's complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

**ENTER**: This 13d day of September, 2006.

_United States District Judge_

---

[3] Extraordinary circumstances exist when the force used is "diabolic," "inhuman," or "repugnant to the conscience of mankind." Norman, 25 F.3d at 1263 (quoting Hudson, 503 U.S. at 8).

3